### JAMES CORMICAN vs. MARGARET McMAHON.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The Compensation Commissioner's conclusion that the plaintiff was employed as manager of the defendant's hotel was supported by findings that he performed all the duties connected with that position at defendant's request.

Where the contract of employment does not fix the average weekly earnings, they must be determined by ascertaining what was the reasonable value of such services at the place and period rendered.

The reasonable value of the plaintiff's services was legally established by a finding of their customary value in the same locality and by the additional finding that the defendant herself had previously paid this customary rate for the same services.

The bare finding that the plaintiff's injury occurred while he was "chasing a boy from the refrigerator in the hotel," was not sufficient to support the Commissioner's conclusion that it arose out of and in the course of his employment, since such conduct may have been mere horse-play.

No case arising under the Workmen's Compensation Act should be determined by the Superior Court or this court where, through inadvertence or otherwise, the finding is incomplete; such a case must be returned to the Commissioner for an award upon the corrected finding.

Argued March 5th—decided April 3d, 1925.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Jennings, J.;* judgment rendered for the plaintiff, and appeal by

the defendant.  *Error; cause remanded to Superior Court with direction to sustain the appeal and return the cause to the Commissioner for further action in accordance with the opinion of this court.*

*Cornelius J. Danaher,* for the appellant (defendant.)

*Ufa E. Guthrie,* with whom, on the brief, was *John A. Markham,* for the appellee (plaintiff).

WHEELER, C. J.  The defendant operated, as lessee, the Hotel Bronson in New Britain.  The plaintiff was a guest in the hotel from some time in February, 1923, to about April 20th, 1923, when, at the request of the defendant, the plaintiff was invited to assume the duties of running the hotel, and he accepted this invitation and thereafter and until after the accident on June 4th, 1923, performed various duties in connection with the operation of the hotel, from managing to dish-washing.  No agreement was made as to the plaintiff's wages.  He in fact received his board and room. On June 4th, 1923, while chasing a boy from the refrigerator in the hotel, plaintiff fell through an open doorway and sustained an injury which totally incapacitated him until some date in March, 1924.

On January 17th, 1924, the plaintiff brought an action in the Superior Court in Hartford County against the New Britain Trust Company as operator of this hotel, and alleged in his complaint that he was at the time of this injury a guest in the hotel, which action is still pending.  The wage customarily paid in New Britain at the time of the injury for the services such as plaintiff rendered was $15 per week in cash, and board and room worth $15.  The predecessor of plaintiff received, as manager of this hotel, compen-

sation at this rate. The trial court found that there was a contract of employment in force on June 4th, 1923, between plaintiff and defendant, and fixed the average weekly wage of plaintiff at $30 per week. The defendant makes three principal claims: (1) that there was no contract of employment; (2) that the injuries did not arise out of and in the course of plaintiff's employment; and (3) that there was no basis for the award. The finding that there was a contract of employment is a conclusion of fact drawn from the subordinate facts and reviewable by us. A finding should have been made as to the intention of the parties as to whether plaintiff should receive compensation. A finding as to intention is one of fact. Had such finding been made, it would have ended any question concerning the conclusion that such contract existed. The circumstance that defendant requested plaintiff to run this hotel, and the nature and extent of the duties required, make wholly improbable a conclusion that there was no expectation of compensation by plaintiff, or of payment of such by defendant. The conclusion that there was such a contract was properly drawn by the commissioner.

We also hold that there was a basis for an award in the facts found and that the award as made is supported by those facts. General Statutes, § 5351, as amended by § 6 of Chapter 306 of the Public Acts of 1921, provides that for total incapacity the injured employee shall be paid compensation equal to one half of his average weekly earnings at the time of the injury. The average weekly earnings may be arrived at by determining what in fact they were, or what in fact they ought to have been. Where the contract of employment does not fix the average weekly earnings, they must be determined by ascertaining what was the reasonable value of such services at the place

and period rendered. The finding in this case of the wages customarily paid in New Britain for such services during the period covered by the incapacity of the plaintiff was equivalent to a finding of their reasonable value. The customary wages, coupled with the fact that the defendant, before employing plaintiff, had paid for these identical services this same scale of wages, supports the legal conclusion that the customary wages and the reasonable value of the services were one and the same. It follows that the commissioner's method of fixing the award was correct, and that the award as made was legal, provided the injury incurred arose out of and in the course of the employment.

The trial court so concluded because of a definite finding by the commissioner of this as a fact. The difficulty with the trial court's conclusion is in its acceptance of this finding as one of fact when in law it was clearly a conclusion of fact drawn from the subordinate facts, and as such, as we have before observed, reviewable by us. Turning then to the subordinate facts, we find the bare fact found that the plaintiff suffered his injury "while chasing a boy from the refrigerator in the hotel." Whether this was horseplay (*Jacquemin* v. *Turner & Seymour Mfg. Co.,* 92 Conn. 382, 103 Atl. 115) or work done by the plaintiff in the course of his employment, the finding does not inform us. If it was work done in the course of his employment for the protection of the employer's property or for any other purpose in connection with his employment, the conclusion would properly follow that the injury arose out of plaintiff's employment. Until a finding of this character is made, there is no foundation laid upon which to rest the award. The situation disclosed leads us to surmise that this finding was omitted through the commissioner's belief that his

finding of the ultimate conclusion was all that was necessary, and that a similar belief led the trial court, inadvertently, to the same conclusion. Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding.

The finding as to a claim made by the plaintiff in another action antagonistic to the claim now made was an evidential fact for the consideration of the commissioner and the trial court, but which we do not find to affect legally the conclusions herein expressed.

There is error, the case is remanded to the Superior Court with direction to sustain the appeal and return the case to the Commissioner for further action in accordance with this opinion.

In this opinion the other judges concurred.