FRANK BALESTIERE *vs.* CARMINO CERSOSIMO ET AL.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS AND KEELER, Js.

An interlocutory order of the trial court requiring the compensation commissioner to file a transcript of the evidence before him is, in the strict sense, an appealable ruling, provided final judgment has been rendered; but, being a discretionary ruling, it does not raise a reviewable question of law, for the presentation of which this court will order the trial court to make a finding of facts.

A reviewable question is presented where the trial court refuses to order the filing of the evidence by the commissioner.

Submitted on briefs June 5th—decided June 30th, 1925.

APPLICATION by the plaintiff for an order to require *Judge Maltbie* to make and file a finding of facts to which application the defendant filed a demurrer which this court overruled. *Application denied.*

*Frank Covello,* for the petitioner (plaintiff).

*John P. Harbison,* for the respondent (defendant).

PER CURIAM. The application of the petitioner, to require the trial court to make a finding of facts so that he might secure a review of the order of the trial court requiring the compensation commissioner to file a transcript of the evidence taken before him, was demurred to upon the ground that this order was an interlocutory order and not a final judgment from which an appeal would lie. The demurrer is overruled; the appeal is from a final judgment, and an interlocutory ruling may form the basis of such an appeal. Assuming that the facts are as stated in the application, the question of law which the claimant claims the right to have reviewed, viz.: the order requiring the filing

of the evidence, is one within the descretion of the court and cannot be reviewed on appeal. What is done with the evidence thereafter may properly furnish a ground of appeal, and the rights of the claimant will thereby be preserved. If the trial court had refused to order the filing of the evidence a different question would have been presented, and one which might have been the subject of review by this court upon application made directly to this court, as in the case of a refusal to make a finding.

Application denied.