HENRY B. TAYLOR *vs.* ST. PAUL'S UNIVERSALIST CHURCH ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The evidence attached to a motion to correct the finding of a compensation commissioner, whether it be the entire transcript or excerpts from it, must be certified by the commissioner's secretary or stenographer in order that he may be relieved of the necessity of comparing it with the official transcript and may be afforded proof of its trustworthiness in making his subsequent certification of it to the Superior Court. Failure to pursue this practice will justify him in denying the motion.

When a commissioner denies a motion to correct his finding upon the ground that the excerpts from the evidence attached to the motion are not certified but fails to order the defect be remedied, the Superior Court, upon appeal from that ruling, should direct the commissioner to cause the parties to have the excerpts properly certified and then to himself certify and file them in court, together with any other evidence from the transcript which he

deems relevant and material to the issues raised by the motion to correct; otherwise, neither the Superior Court nor this court can determine the merits of the motion.

The commissioner should certify the entire evidence only in those rare instances where it is necessary to a consideration of the issues raised in the motion to correct, or where the relevant and material portions are so inextricably involved with the rest of it as to make impracticable an attempt to separate them.

Argued October 27th, 1927—decided January 27th, 1928.

APPEAL by the plaintiff from a finding and award of the compensation commissioner for the third district in favor of the defendants, taken to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the plaintiff appealed. *Error in procedure taken and cause remanded.*

*George E. Beers* and *Irving G. Smith,* for the appellant (plaintiff).

*Thomas R. Robinson* and *Daniel L. O'Neill,* for the appellees (defendants).

WHEELER, C. J. The plaintiff filed with the commissioner his motion to correct the finding and award, and each of the parties filed excerpts of what purported to be a copy of some portions of the evidence.

These excerpts were not certified and the commissioner denied the motion, as we understand his ruling, for the reason that the determination of whether the excerpts were a part of the evidence would make it necessary for him to compare them with the official transcript, which he was of the opinion was not under our practice his duty.

Presumably the commissioner denied the motion upon the ground that the excerpts filed were not certified to be excerpts from the official transcript of the evidence. The ruling was correct. The most approved

practice before the commissioner is to require pur-
ported excerpts from the evidence, or the entire tran-
script of the evidence attached to motions to correct
when filed with him, to be certified by the secretary to
the commissioner or the stenographer who made the
excerpts or transcript for the commissioner. He will
thus have before him proper evidence of their trust-
worthiness, in reliance upon which he can certify them
to the Superior Court, as he is required to do. This
practice is a reasonable one, and the failure to have
had these excerpts thus certified fully justified the rul-
ing. After the appeal had been taken to the Superior
Court and the reasons of appeal filed, the commis-
sioner certified to that court a copy of the transcript
of all of the evidence taken in the case before him.
Thereupon the defendants moved that this be stricken
from the files and the court granted the motion. There
does not appear in the record anything to indicate the
purpose or necessity of the certification of all of the
evidence, and the Superior Court was not in error in
granting the motion striking it from the files. There-
after the plaintiff-appellant moved the court that it
direct the commissioner to certify and file in the court
the transcripts of the evidence filed with him by the
parties, together with such other evidence as might
seem to him to be relevant and material to the issues
arising on the motion to correct.

The court ruled that the commissioner had not
passed upon the merits of plaintiff's former motion, but
denied the motion because the parties had not filed
proper transcripts, and thereupon ordered him to file in
the court the excerpts of the evidence originally filed
with him. The motion to correct could not be deter-
mined on the merits unless the excerpts from the evi-
dence thus filed with the commissioner and certified by
him were before the court. The court was in error in

not directing the commissioner to cause the parties to have these excerpts properly certified, and then to himself certify and file them in court. The court should also have directed the commissioner to certify and file any other evidence from the transcript which he deemed relevant and material to the issues arising on the motion to correct. This might have required the commissioner to go through the transcript of the evidence with care; his duty is similar to that of the Superior Court judge upon certifying excerpts from the evidence on a motion to correct. It is his duty to also certify any other evidence relevant and material to the motion to correct which the parties have not caused to be certified and filed with him.

In the rare case the matters involved may require a consideration of the entire evidence, or the parts of the evidence which are relevant and material may be so inextricably involved with the rest of the evidence as to make it impracticable for the commissioner to try to separate them. In that case it would be proper for him to certify the entire evidence, or all of it which was so inextricably involved.

After the court had ordered the commissioner to file these uncertified excerpts and he had filed them in accordance with that order, counsel for the plaintiff moved that the court return the excerpts to the commissioner with instruction to certify them and return them to the court. The motion should have been granted; the commissioner had it within his power to require the parties filing these excerpts to have had them certified. So far as the record discloses, the court did not rule upon the motion. The only evidence before the Superior Court, for the purposes of the motion to correct, was the excerpts which the parties had filed with the commissioner without having had them certified in accordance with approved practice. In its rul-

ing upon the appeal from the commissioner, the court said that the evidence upon the motion to correct was not properly before it, "and even if it may be so considered, the finding should not be materially corrected."

We cannot consider the errors predicated upon the motion to correct without having before us these excerpts duly certified that they are in fact correct transcripts from the evidence, nor without having before us any other evidence which the commissioner deems relevant and material to the motion to correct. Nor do we think the trial court, without these, was in a position to properly determine this motion.

There is error; the cause is remanded with direction to the Superior Court to return these excerpts to the commissioner with direction to cause the parties to have them duly certified and then himself to certify and file them in the Superior Court, together with a certified transcript of any other evidence deemed by him relevant and material to the motion to correct, and thereupon to determine the motion to correct upon the evidence so certified and filed in court, and the other questions arising on the appeal.

In this opinion the other judges concurred.