ESTHER KENYON vs. SWIFT SERVICE CORPORATION ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 4th—decided April 7th, 1936.

*William L. Hadden,* with whom was *Clarence A. Hadden,* and, on the brief, *Daniel Pouzzner,* for the appellants (defendants).

*H. Allen Barton,* for the appellee (plaintiff).

AVERY, J. The employer-respondent conducts a cleaning and pressing service in Greenwich, where the claimant was employed. On August 8th, 1933, cleaning fluid, composed mainly of carbon tetra-chloride and used in washers, was spilled on the floor. It was the claimant's contention that in the course of her employment she inhaled the fumes from the liquid

which had been spilled and was caused thereby to become ill; and that as a result of her illness so caused, an infection of the urinary tract subsequently developed whereby she was forced to expend a large sum for medical and hospital services, and was totally incapacitated from the date of the injury until the latter part of February, 1934. She brought her claim for compensation before the commissioner for the fourth district who, after hearings, dismissed her claim. His action was based on the following conclusions: (1) that the claimant was not suffering from gas poisoning; (2) that her illness on August 8th, 1933, was merely coincident with her employment and was in no way connected with the work she was doing for the respondent-employer; and (3) that she received no injury "arising out of and in the course of her employment." The plaintiff appealed to the Superior Court and moved the commissioner to correct his finding by finding many subordinate facts and by striking out findings claimed unsupported by the evidence or inconsistent with the subordinate facts. The commissioner refused to correct the finding or to pass upon the merits of the motion. The plaintiff appealed to the Superior Court and assigned error in the refusal of the commissioner to correct the finding and in that the facts found afford insufficient basis for review of the commissioner's conclusions. The Superior Court corrected the finding by striking out four paragraphs thereof and adding forty-two paragraphs thereto, and remanded the case to the commissioner for the taking of further testimony and for further findings of fact on matters not found by the Superior Court. From this judgment, the defendant-employer appealed.

The record discloses that there were two ultimate questions of fact to be determined by the commissioner: (1) Was the claimant caused to be sick by the

inhalation of fumes from the spilled liquid; and if so, did the injury arise out of and in the course of her employment; and (2) Was an infection of the urinary tract, which was the major part of her disability, caused by medical treatment made necessary by the gas poisoning, or did it arise from a cause having no connection with the injury—namely, an infection of the tract caused by calculi. The finding of the commissioner was brief and to the effect that the claimant did not come in contact with the spilled liquid, and that her sickness was in no way connected with the inhalation of the carbon tetra-chloride gas. He made no finding as to the cause of the infection of the urinary tract.

The motion to correct the commissioner's finding sought to add ninety-two paragraphs showing in detail how the claimant was affected, the nature and character of the gas to which she was exposed, its effect upon her, the details of her sickness and of the infection of the urinary tract. The purpose of these corrections evidently was to substantiate the claim that the only reasonable conclusion from the finding as corrected would be that she was injured while in the course of her employment by inhaling the fumes of the carbon tetra-chloride, and that her illness and subsequent disability were causally connected with this injury. With her motion to correct, the claimant filed a transcript of the entire evidence indicating by references in the motion the particular parts of the testimony which counsel considered applicable to each paragraph of the corrections asked, and claiming that the entire testimony was necessary because the commissioner had overruled practically all of the claimant's contentions of fact, except that the claimant was employed and that liquid was spilled upon the floor; and claiming also that the entire evidence was so in-

extricably connected that it was not practicable to attempt to chop it up and separate it and file extracts therefrom separately applicable to each paragraph of the proposed finding. On the ground that thereby the claimant had failed to comply with the rule, Practice Book, § 259, the commissioner refused to act upon the motion to correct, but certified the transcript of evidence to the Superior Court.

The procedure for the correction of a finding of a compensation commissioner is outlined in *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 673, 112 Atl. 269, and is set forth in the Rules of Court, Practice Book, §§ 259, 260, and 261. These provide that the appellant in an appeal from a compensation commissioner shall file with his motion for the correction of a finding a transcript of such portions of the evidence as he deems relevant and material to the corrections asked for; that thereafter the appellee shall file such additional evidence as he deems material to the motion; and that thereafter the commissioner shall file with the Superior Court such motions with his decision. If the motion is denied in whole or in part, and such denial is made a ground of appeal to the Superior Court, the commissioner shall, within a reasonable time, file in the Superior Court a transcript of the evidence filed by the appellant and appellee together with such additional evidence as may have been taken before him in the form of testimony or otherwise and deemed by him relevant and material to these corrections. The purpose of these rules is to provide that all the evidence material to the proposed correction of a finding shall be before the Superior Court and to save the parties the expense of printing evidence which has no bearing upon the corrections requested. They are to be construed with this object in view.

In *Sorrentino* v. *Cersosimo*, 103 Conn. 426, 429, 130 Atl. 672, it was held improper for the appellant to file with the commissioner an uncertified transcript of all the evidence and require the commissioner to cull out therefrom the portions that might be relevant to the corrections requested. On the other hand, where the corrections involved require a consideration of the entire evidence or the parts of the evidence relevant and material are so inextricably involved with the rest of it as to make it impracticable to separate them, it is proper to attach the entire evidence to the motion. *Taylor* v. *St. Paul's Universalist Church*, 107 Conn. 248, 251, 140 Atl. 124. In the present case, practically the entire evidence taken by the commissioner was material upon the corrections requested. To have chopped it up into ninety-two separate headings would have been to confuse rather than aid in the consideration of the corrections requested, and, in the event of an appeal, to produce an unnecessarily involved and cumbrous record. The claimant was justified in filing a transcript of the entire testimony with a citation of the pages which were especially applicable to each paragraph of the corrections requested.

The commissioner was in error in refusing to pass upon the motion to correct and the appellant might have appealed from the refusal of the commissioner to pass upon this motion. Instead, the appellant chose to appeal upon the basis of the denial of the motion to correct and the Superior Court proceeded to examine the evidence and correct the finding. In *Senzamici* v. *Waterbury Castings Co.*, 115 Conn. 446, 450, 161 Atl. 860, we pointed out the difference between the power of the commissioner in correcting his finding and that of the Superior Court on an appeal from the commissioner, and we there said: "A motion to correct the finding presented to the court cannot take the

place of action by the commissioner, because it [the court] can add only admitted or undisputed facts while the commissioner [can] find the facts which he deems proven, though the evidence as to them be conflicting." It is thus the duty of the commissioner not only to add to the finding such corrections as may be based upon admitted or undisputed facts but also such corrections as he thinks the party is entitled to even if the evidence applicable to such proposed correction be conflicting. *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 35, 170 Atl. 146.

The two vital additions to the finding asked by the appellant are that the claimant became ill from inhaling the gas and that the urinary infection which was her serious incapacity resulted from this. In regard to the first claim, the finding does not reasonably present the subordinate facts upon which the conclusions of the commissioner were reached. In regard to the infection of the urinary tract, the claimant's medical testimony attributed this condition to catheterization made necessary as a result of the illness caused by inhalation of the fumes, while the physician who testified in behalf of the respondent claimed that infection came about through the passage of a tiny calculus from the kidney to the bladder. Neither of these experts claimed to be a specialist skilled in urological matters. While it appears that a specialist on such conditions examined the claimant and made very complete tests to determine what was responsible for the claimant's continued illness, the testimony of this physician was not made available at the trial. In *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 Atl. 709, we said: "Cases under the Workman's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this act should be finally determined when the trial court, or

this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding."

There is error; the cause is remanded to the Superior Court with directions to sustain the appeal and return the cause to the commissioner with directions to hear further evidence as to the cause of the infection of the urinary tract, and for a finding of the subordinate facts upon all the issues and an award upon the corrected finding.

In this opinion the other judges concurred.