GENEVIEVE RICHARDSON
vs.
KOPPERS CONNECTICUT COKE COMPANY
(Appeal from Compensation Commissioner)

Superior Court          Fairfield County          File #50598

Present: Hon. JOHN A. CORNELL, Judge.

FitzGerald, Foote & FitzGerald, Attorneys for the Claimant.

## MEMORANDUM FILED MAY 24, 1937.

CORNELL, J. Paragraph 5 of the Finding may be corrected to read as follows:

"5. The decedent received medical attention for pain in his right hip and back following, and on the day of, the accident and a voluntary agreement was signed and approved whereby he was paid compensation to March 8, 1935. The notice of discontinuance filed with the Commissioner and the decedent stated that payments of compensation had been discontinued on that date, 'because medical examination developed the fact that disability is not the result of the accident'."

Reason of appeal No. 2 is granted to the extent that paragraph 2a of the motion to correct be incorporated in the Finding as paragraph $6\frac{1}{2}$ and is, otherwise, denied.

Reasons of appeal Nos. 3 and 4 have to do with the question whether the decedent's accident aggravated the myolomic malady with which the deceased was afflicted prior to the accident. To grant them, as the evidence stands, would be to merely substitute another's view for that of the commissioner's, which, of course, is not permissible. **Nicotra vs. Bigelow, Sanford Carpet Company, et al., 122 Conn. 353.**

The commissioner's conclusion that the decedent had a myolomic tumor is well fortified in the evidence and not challenged by motion to correct the finding. Claimant produced no testimony to the effect that such an accident as occurred would be likely to aggravate the condition with which the decedent was suffering and so to materially hasten decedent's death.

The only definite testimony on the point was elicited on cross examination of one of respondent's medical experts. In effect this was that the immediate cause of death from a myoloma is "metastasis—by spreading through the blood vessels or lymph vessels to different parts of the body, the brain,

the lungs and liver". There was no evidence that the accident which befell the decedent was such as to probably cause such metastasis but on the contrary, the only testimony referable to the meagre facts descriptive of the accident was to the contrary purport. If there was anything in the transcript to suggest that "through inadvertence or otherwise" a conclusion has been reached, which if the situation were corrected might reasonably be anticipated to lead to a different result, there would be strong inclination to return the matter to the commissioner for a further hearing. **Kenyon vs. Swift Service Corporation, 121 Conn. 274, 280, 281.**

A careful examination of the evidence, however, fails to indicate justification for such a course. The court is compelled to adopt the views expressed in **Gantz vs. Brown Show Co. (Mo.) 90 S. W. 168,** in a somewhat comparable case.

Appeal dismissed.