GEORGE A. FRANCE *vs.* WILLIAM D. MUNSON.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 11th—decided June 2d, 1937.

*John H. Cassidy,* with whom was *Charles R. Summa,* for the appellee (defendant) in support of the motion to erase and the plea to the jurisdiction.

*Michael V. Blansfield,* for the appellant (plaintiff) in opposition to the motion and plea.

MALTBIE, C. J.   The compensation commissioner for the fifth district made an award of compensation to the plaintiff under the Workmen's Compensation Act. One of the issues litigated before him was whether the defendant was within the scope of the compensation law as one who regularly employed five or more.   The defendant made a motion to the commissioner seeking many corrections in and additions to the finding, and also asking the commissioner to find the facts upon which he based certain of his conclusions, among them that the defendant was within the scope of the act. The commissioner denied the motion upon the ground that the procedure adopted did not comply with the provisions of § 259 of the Practice Book, in that the defendant filed with the motion a transcript of all the testimony without separating or specifically referring

to the particular portions relevant to the various changes sought. The defendant thereupon appealed to the Superior Court and the first reason of appeal was the action of the commissioner in denying the motion upon that ground. The trial court, *Cornell, J.,* filed a memorandum of decision in which it concluded that the commissioner should have acted on the motion, and stated: "The appeal is sustained on the ground of the first reason and the cause is remanded to the commissioner to consider and act upon the motion to correct the finding." The clerk prepared a judgment-file, dated November 17th, 1936, in accordance with the memorandum. The commissioner then considered the motion to correct and denied it in all except one respect, but did not make any further finding of the facts upon which he based his conclusion that the defendant was within the scope of the act. He did not make another award after acting upon the motion. The defendant then filed amended reasons of appeal.

The case again came before the Superior Court and on February 10th that court, *McEvoy, J.,* made an order that the judgment-file previously entered should be stricken from the record and directed the clerk to enter in substitution for it a similar paper except that the word "order" should be substituted for the word "judgment" as used in it and the final paragraph, in which the appeal was sustained, should be omitted. The clerk did prepare such an order, dating it November 17th, 1936, but marking it as filed February 13th, 1937. The court on February 26th, 1937, filed a memorandum in which it particularly reviewed the evidence upon the issue of the number of persons regularly employed by the defendant and ordered that the case be returned to the commissioner for a further finding in regard to that matter. On March 16th, 1937, after

a conference with counsel as to the method of procedure, it filed a second memorandum of decision in which it directed that the case be recommitted to the compensation commissioner and that "an order—not a judgment" in accordance with the memorandum previously filed be entered. The clerk prepared a formal order which was filed the same day, in accordance with the directions in the memorandum of decision. From that order the plaintiff has appealed. The defendant has filed a plea to the jurisdiction and motion to erase the case from the docket of this court for want of jurisdiction, both raising substantially the same grounds: First, that there was no judgment in the case from which the appeal would lie; and, secondly, that the appeal was not filed until more than two weeks after the order of the court from which it was taken. The plaintiff filed a motion to strike the plea to the jurisdiction from the record on the ground that it raised the same question as the motion to erase for want of jurisdiction and was superseded by it, and at the same time filed an answer to the plea denying that the appeal was not taken within two weeks from the entry of the order from which it was taken.

In *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 149, 93 Atl. 245, we said of an appeal in a workmen's compensation case: "We hold such 'appeal' to be an original application to the Superior Court to exercise its appropriate judicial power in respect to acts done by the administrative tribunal in excess of its power, or in the unlawful abuse of that power. *Moynihan's Appeal*, 75 Conn. 358, 360, 53 Atl. 903. When a finding and award of the commissioner appealed from are unauthorized in law, irregular or informal, or are based upon a misconception of the law, or of the powers or duty of the administrative tribunal, or are so unreasonable as to justify judicial interference, we may, on

appeal, set aside the award." Of the action which it is proper for the Superior Court to take upon such an appeal, we said in *Thompson* v. *Twiss,* 90 Conn. 444, 446, 97 Atl. 328: "If the trial court finds no harmful error in the appeal from the commissioner, it should dismiss the appeal. If it finds harmful error either in a conclusion of law or of fact, or in the finding of a material fact or the refusal to find a material fact, it should, if the award may be changed or modified without requiring a further hearing, sustain the appeal to this extent, and direct the commissioner to make the award in accordance with its directions. If the award cannot be changed or modified in accordance with the conclusion of the trial court without further hearing upon the facts, it should sustain the appeal and indicate in the judgment or its memorandum the ground of its action." In harmony with the last clause in the quotation just made, we said in *Cormican* v. *Mc-Mahon,* 102 Conn. 234, 238, 128 Atl. 709: "Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this act should be finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding."

In that case, which was an appeal from a judgment affirming an award, we found error and remanded the case to the Superior Court "with direction to sustain the appeal and return the case to the commissioner for further action in accordance with this opinion." Except in certain instances where a shorter but not in-

consistent form has been used, this court has given similar judgments in other like cases. *Louth* v. *G. & O. Mfg. Co.*, 104 Conn. 459, 463, 133 Atl. 664; *Callahan* v. *Schollhorn Co.*, 106 Conn. 211, 215, 137 Atl. 642; *Gigleo* v. *Dorfman and Kimiavsky*, 106 Conn. 401, 411, 138 Atl. 448; *Howe* v. *Watkins Brothers*, 107 Conn. 640, 647, 142 Atl. 69. In *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 170 Atl. 146, the trial court sustained the appeal and remanded the case to the commissioner for further proceedings, and upon appeal we sustained that judgment. It thus appears that where, upon the hearing of the appeal, such a situation is shown as is described in the *Cormican* case, a judgment should be entered in which the appeal is sustained, with an appropriate direction for further proceedings by the commissioner. A workmen's compensation commissioner is not an officer of the Superior Court, as are referees or committees to which it refers cases, and the practice as to recommitting reports to them is not applicable to appeals in workmen's compensation cases.

Where, however, the commissioner has failed to take some step necessary properly to present the issues for consideration by this court, a motion to the court that he be directed to do so is proper. *Taylor* v. *St. Paul's Universalist Church*, 107 Conn. 248, 250, 140 Atl. 124; and see *Sorrentino* v. *Cersosimo*, 103 Conn. 426, 428, 130 Atl. 672. The ruling by the court upon such a motion is not itself a basis of an appeal, but may be assigned as error in an appeal taken from a final judgment later rendered in the case. *Balestiere* v. *Cersosimo*, 102 Conn. 702, 130 Atl. 238. The distinction lies in the fact that in the latter situation some further action is necessary to perfect the appeal, so that the issues may be adjudicated by the court, while the former involves a decision upon a proper appeal record.

There is a close analogy in the case of appeals to this court in that a motion to it lies to compel a trial judge to make a finding or cause evidence to be printed in aid of an appeal, but a failure to make the finding or cause the evidence to be printed is not assignable as error. Practice Book, § 358; *Archambault* v. *Jamele,* 99 Conn. 21, 22, 120 Atl. 722; *Spelke* v. *Shaw,* 114 Conn. 273, note, 155 Atl. 715.

The proper method to secure an order that the commissioner act upon the motion to correct was not to assign his failure to do so as a reason of appeal but to make a motion to the Superior Court to direct him to do so. Had such a motion been made to it the result would have been an order to the commissioner to act, not a judgment sustaining the appeal, for the case was not in a situation where the court could determine the issues which the appellant desired to raise. The so-called judgment rendered November 17th, 1936, was treated by all concerned as though it was in fact merely an order; the commissioner made no further award; the defendant filed amended reasons of appeal under the original appeal; and the plaintiff took issue upon them. No one now questions the propriety of the court's later action in directing a change in that judgment or in treating the decision upon which it was based as in fact one which did not constitute a judgment which would be the basis of an appeal.

The trial court in its memorandum of decision of February 26th, 1937, determined that the commissioner had erred in placing the burden of proof upon the defendant to show that he regularly employed less than five; it expressly sustained one paragraph of the finding which was attacked; and it remanded the case to the commissioner for a further finding as to certain facts. If the court was to consider the reasons of appeal as it did, the approach which it should have

adopted would have been first to determine whether the finding could be corrected in accordance with the reasons of appeal, and then to consider whether, as it might be corrected, it sustained the conclusion of the commissioner and whether the commissioner in arriving at that conclusion committed some error of procedure which would require that the matter be remanded to him for further proceedings; if the conclusion of the commissioner could not be legally sustained, then to remand the case for further proceedings, or, if it was sustained upon the record before the court, to decide whether to dismiss the appeal or send the case back to the commissioner for further action, under the principle stated in *Cormican* v. *McMahon,* supra. This course of action would have resulted in a judgment.

The court, however, did not do this. In fact it rendered no judgment. The jurisdiction of this court is statutory and confined to appeals from final judgments. In the absence of a judgment there can be no appeal. *Cothren* v. *Atwood,* 63 Conn. 576, 29 Atl. 13; *White* v. *Howd,* 66 Conn. 264, 266, 33 Atl. 915; *Costecski* v. *Skarulis,* 103 Conn. 762, 131 Atl. 398. If the trial court committed reversible error in the order it made, that can be of avail only upon an appeal from the final judgment rendered in the action. Meanwhile the order of the court remanding the case for further hearing remains in effect.

It is not necessary to consider the pleadings in this court which involve the issue of the right of the appellant to appeal, beyond pointing out that the motion to erase, which is not attacked, is the proper method to raise the question whether there was a judgment from which an appeal might be taken. *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 51, 145 Atl. 151.

The motion to erase is granted. There is no occa-

sion to consider the questions raised by, and as to, the plea to the jurisdiction.

In this opinion the other judges concurred.