MARY LULIEWICZ, ADMINISTRATRIX (ESTATE OF JOHN LULIEWICZ) *v.* THE EASTERN MALLEABLE IRON COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 5—decided April 16, 1940.

*Ralph O. Wells,* for the appellant (defendant).

*Harold J. Eisenberg,* for the appellee (plaintiff).

BROWN, J.   On June 14, 1935, the compensation commissioner denied the application of the plaintiff's decedent for compensation from the defendant on a claim of disability from contracting silicosis, which arose out of and in the course of his employment by it. The decedent died February 7, 1939, and an autopsy performed shortly thereafter afforded evidence as to the condition of his lungs, material upon the question of whether or not he had been afflicted with this disease.   Confining his decision solely to the plaintiff's motion to reopen the award on the ground of this newly discovered evidence, and expressly reserving a hearing on the merits to a later date, the acting commissioner on September 7, 1939, by his supplemental finding and award, reopened the original award.   The defendant appealed to the Superior Court, claiming that in view of the time elapsed since the original award the commissioner had no power to reopen, that he erred in denying the defendant's motion to correct the supplemental finding and award, and also in opening the award when there was no proper basis for his conclusion that the autopsy evidence warranted him in so doing.   The court overruled the defendant's first contention and remanded the case to the commissioner for appropriate action in response to the second and third.   The defendant's claims upon its appeal to this court arise solely under the first above contention.

Unless the trial court's ruling that the commissioner had power to reopen and modify the award of June 14, 1935, and remanding the case for further proceedings, was a "final judgment" under § 5689 of the General Statutes, the defendant is not entitled to have its appeal considered. *France* v. *Munson,* 123 Conn. 102, 109, 192 Atl. 706; *Stamford Dock & Realty Corp.* v. *Stamford,* 124 Conn. 341, 342, foot-note, 200 Atl. 343; *Banca Commerciale Italian Trust Co.* v. *Westchester Artistic Works,* 108 Conn. 304, 307, 142 Atl. 838; *Russell Lumber Co.* v. *Smith & Co.,* 82 Conn. 517, 74 Atl. 949. Its claim is that the plaintiff's motion to open the finding and award addressed to the commissioner, is analogous to a petition to the court for a new trial, and that the determination of it is a "final judgment," citing our recent decision in *State* v. *Kemp,* 124 Conn. 639, 644, 1 Atl. (2d) 761. While such a petition, begun by new process, is in many respects regarded as an independent action, in view of the continuing nature of the jurisdiction of the compensation commissioner over an award, a motion to open it is analogous not to such a petition, but rather to a motion to open a judgment for the offer of additional evidence, made in an action before the court has lost jurisdiction over it by a termination of the term at which it is rendered. But this aside, it is clear upon the record before us that no "final judgment" was rendered by the court. By its judgment the case was remanded to the acting commissioner for the determination, upon the merits, of the defendant's motion to correct the supplemental finding and award, and to complete the record by incorporating the evidence upon which the opening of the award was predicated. As is indicated by the court's memorandum of decision, whether the commissioner erred in his ruling could not be determined until the record was so cor-

rected. By its terms therefore the judgment is at most but an interlocutory ruling. "Such rulings are those made in the course of the proceeding, the object of which is to bring the parties to, and present to the court for determination, the ultimate issues which determine the right of a party to the relief he claims, but which neither terminate the action nor determine those issues in such a manner as to put it beyond the power of the court to alter its decision except as it may reopen the judgment it has rendered. *Batesville* v. *Ball,* 100 Ark. 496, 500, 140 S. W. 712." *State* v. *Kemp,* supra, 643.

The appeal was therefore unwarranted and improper, gives to this court no jurisdiction over the case, and must be dismissed. *Banca Commerciale Italian Trust Co.* v. *Westchester Artistic Works,* supra; *Russell Lumber Co.* v. *Smith & Co.,* supra.

The appeal is erased from the docket.

In this opinion the other judges concurred.