HORACE D. BURDICK

*vs.*

UNITED STATES FINISHING CO. ET AL.

(Appeal from Compensation Commissioner)

Superior Court    Windham County    File No. 8045

MEMORANDUM FILED JULY 7, 1941.

*G. Randolph Erskine,* of New Britain, for the Plaintiff.

*Edward S. Pomeranz,* of Hartford, for the Defendant.

QUINLAN, J. The finding and award as amended by the ruling on claimant's motion to correct, is not, in all its particulars, a finding of facts. For instance, in the second line of the seventh paragraph, the words "it is his contention that" is not a statement of fact any more than is the statement that "the claimant failed to sustain the burden of proving that he suffered from nitrous fume poisoning arising out of and in the course of his employment", or that "the claim of the

claimant is overruled and those of the respondents are sustained."

While it may well be that a finding of the subordinate facts as to the degree of nitrous fume poisoning, if any, may not suffice to change the result, I have in mind that our Supreme Court has said that "a finding should contain all the subordinate facts which are pertinent to the inquiry, and the conclusions of the commissioner therefrom" (*Rossi vs. Jackson Co.*, 117 Conn. 603, 605), and also that to refuse to find the facts which a party seeks to have stated because the Commissioner deems them unnecessary or immaterial is not ordinarily fair to the parties, the court or the State and its officers.

If, as may develop, the conclusions reached by the Commissioner are sustained by the subordinate facts, his conclusion will have to be upheld. In order to justly determine this question, it appearing from the transcript that Dr. Landry was not a specialist on nitrous fumes and from the finding that the Commissioner relied on his testimony, and also in view of the foregoing, I quote from *Cormican vs. McMahon*, 102 Conn. 234, 238: "Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding." This quotation appears in the case of *Kenyon vs. Swift Service Corp.*, 121 Conn. 274, at page 280, and on the same page of the latter citation the court says: "It is ....the duty of the commissioner not only to add to the finding such corrections as may be based upon admitted or undisputed facts but also such corrections as he thinks the party is entitled to even if the evidence applicable to such proposed correction be conflicting. *Glodenis vs. American Brass Co.*, 118 Conn. 29, 35."

Accordingly, the cause is returned to the Commissioner to correct the finding, pursuant to the motion, in accordance with foregoing suggestions, particularly as to paragraph "1" of the motion; as to paragraph "2" of the motion to make a finding that coincides with the facts as to the extent of fumes; as to

paragraph "4" and "5" of the motion, and in other respects, instead of stating claims and passing on claims state the facts in respect to those claims, in so far as those claims are sustained.

In connection with the correction and perhaps of more consequence and as the main reason for returning the cause, the Commissioner is directed to hear further evidence as to the cause of the pneumonia from a witness or witnesses other than Dr. Landry, skilled in the knowledge of the effects of nitrous fumes and pneumonia, and for a finding of the subordinate facts upon this issue, so that the finding will reveal whether there was a localized injury contemporaneously caused by the conditions of his work, or a mere weakened resistance to disease, and that an award be made on the corrected finding.

I hesitate to impose this task upon a busy Commissioner at this time of year, but believe when done that the result will be free from question, and just.