VICTORIA TSOUKALAS ET AL. *v.* BOLTON MANUFACTURING COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued February 1—decided April 6, 1944.

*Franklin Coeller,* for the appellants (plaintiffs).

*Martin E. Gormley,* for the appellees (defendants).

BROWN, J.  The plaintiffs are the parents of George Tsoukalas, who was eighteen years of age and in the employ of the named defendant when on January 4, 1943, he sustained injuries arising out of and in the course of his employment which resulted in his death. In addition to George the plaintiffs had a son Alexander, twenty-seven years of age, serving in the United States Army and a daughter Amelia, aged twenty-three, living at home. On January 4 and for a substantial period before that the plaintiff Victoria was earning

$75 per month, her husband, the plaintiff Harry, $40 per week plus meals, and Amelia, $75 per month. George, who began working for the defendant December 31, 1942, at $31.20 per week, had been earning from $18 to $20 per week since his graduation from high school the preceding June. Harry, who had been giving his wife about half of his wages each week and more when necessary, at the decedent's death was giving her $23 a week. Amelia gave her mother $40 each month. Up to December 31 George had turned over to his mother his total earnings, of which she had returned to him two or three dollars a week for spending money. He had actually received no wages from the defendant, but his mother knew of his going to work for it and expected him to turn over his entire earnings to her as he had in the past. The mother kept all of the money she so received from the family in a common fund out of which she took care of the living expenses of herself and her family. These facts, which appear from the commissioner's finding, are not questioned. The commissioner also found that it was the right of the decedent's parents to receive his entire earnings since he was a minor, that it was their duty to support him and that the earnings given by him to his mother were turned into a common fund. The court sustained the commissioner in his refusal to strike these facts from the finding.

The defendant claimed before the commissioner that neither parent of the decedent was either partially or wholly dependent upon him for support within the meaning of the Workmen's Compensation Act, or entitled to compensation because of his death. The commissioner overruled this claim and awarded compensation to the plaintiffs at the rate of $15.60 per week. The court, sustaining the appeal, struck out further findings that the decedent's mother relied upon the

money she received and expected to receive from his wages, in so far as this finding implied that she relied upon them for the reasonable needs of the household, that the plaintiffs were dependent upon the decedent and that they were entitled to compensation, substituted a finding that the mother neither relied upon nor expected to receive all of his wages and that the plaintiffs were neither partially nor wholly dependent upon the decedent within the meaning of the act, and set aside the award. The plaintiffs made a motion that the court reopen the judgment and return the case to the commissioner for a further finding of facts concerning the issue of dependency. This was denied. Upon the present appeal the plaintiffs by their assignments of error attack the court's judgment and its denial of the motion.

General Statutes, Cumulative Supplement, 1939, § 1326e, provides for compensation "to those partially dependent upon the deceased employee at the time of his injury." " 'Dependent' shall mean members of the injured employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee at the time of the injury." General Statutes, § 5223. Except as to those presumed dependent under provisions of the statute inapplicable in the present case, "dependency is to be determined . . . in accordance with the fact as the fact may be at the time of the injury [General Statutes, § 5235]." *Mahoney* v. *Gamble-Desmond Co.*, 90 Conn. 255, 257, 96 Atl. 1025; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 Atl. 245. A dependent is one who has relied upon the decedent for support and who has a reasonable expectation that such support will continue. In the absence of such reliance, that the employee was an unemancipated minor son of the plaintiffs would not be a material factor. *Driscoll* v. *Jewell Belting Co.*, 96

Conn. 295, 302, 114 Atl. 109. The test is reliance by a plaintiff upon "contributions for her living expenses, wholly or partially, judging these by those which would be reasonable for one.in her class and position in life." *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 232, 99 Atl. 494. This means, as was explained in that opinion, that "Each case is governed by ascertaining what, in the given circumstances, would be necessaries, having due regard for the class and position in life of the claimant. As the application of this principle excludes the case where support has been given those who have at hand the present means of supplying their living expenses in their class and station in life, so it excludes the restriction of support to provision for the bare wants of existence." Under this rule, as this court has suggested, if the earnings were actually used in the family support, the fact that at the same time a reasonable amount from the family income was set aside as savings or devoted to life insurance, or to making moderate payments toward the purchase of a home, would not necessarily preclude a finding that the plaintiff was a dependent. *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 677, 112 Atl. 269. This is because under the test stated whether such payments are necessaries, having due regard for the class and position in life of the plaintiff, depends upon the existing circumstances.

Upon the record before it the trial court was warranted in making the material corrections which it did in the finding and so in setting aside the award. The question decisive of this appeal, therefore, is whether, as determined by the above principles, the plaintiffs were entitled to have the case remanded to the commissioner. "Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be

finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding." *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 Atl. 709; *Kenyon* v. *Swift Service Corporation*, 121 Conn. 274, 280, 184 Atl. 643; *Jones* v. *Hamden*, 129 Conn. 532, 535, 29 Atl. (2d) 772; *Herbst* v. *Hat Corporation of America*, 130 Conn. 1, 4, 31 Atl. (2d) 329. Under this rule, whether a case shall be remanded presents a question for the determination of the trial court in the exercise of a sound discretion. This is evident from the context, which has repeatedly been construed as meaning that "Even though a claimant has failed for some reason to establish his right to compensation, if it appears reasonable to suppose that upon further proceedings he may be able to do so, the case may properly be remanded for such proceedings. *Glodenis* v. *American Brass Co.*, [118 Conn. 29, 34, 170 Atl. 146]." *Kearns* v. *Torrington*, 119 Conn. 522, 531, 177 Atl. 725. The test is, does it appear "reasonable to believe" that the plaintiff can prove a case (*Glodenis* v. *American Brass Co.*, supra, 34), or is there a "reasonable prospect" that he can (*Jones* v. *Hamden*, supra, 535). The discretion is a legal discretion vested in the trial court. This court, being a tribunal of appellate jurisdiction only, has no such discretion. In so far as a contrary suggestion is expressed by the words "or this court" used in the passage quoted from *Cormican* v. *McMahon*, supra, it is incorrect and is hereby overruled.

The question remains whether the court's failure to remand the case to the commissioner constituted an

abuse of its discretion, or, to put it more concretely, was the court warranted in concluding that the facts had been sufficiently found to render a just judgment? *Cormican* v. *McMahon,* supra. The undisputed facts show that as of the time of the injury there had been received by the plaintiffs for a number of months past from their own earnings and those of Amelia, who together with them and George comprised the family, income at the rate of $3460 per year. The entire living expenses of George and themselves, except for Harry's meals, which were furnished by his employer, plus the expense of Amelia's board and lodging were to be met out of this total. Included in these expenses was the $25 per month rental for their home, the only item of expense found by the commissioner. It further appears from the evidence that a three weeks' hospital bill and $300 in other obligations contracted during the depression had been taken care of. While there is no evidence of such other relevant circumstances as expenses for food, clothing and other necessities, or of what, if any, reasonable sums had been devoted to savings or life insurance, we cannot say that the trial court was unwarranted in concluding that the total income substantially exceeded any aggregate amount of these items which would be reasonable under the circumstances. As was further stated in the *Blanton* case, supra, 231, "The Compensation Act does not contemplate support for any save the dependent, and one cannot be said to be a dependent who has sufficient means at hand for supplying present necessities, judging those according to the class and position in life of the alleged dependent." As tested by this rule we cannot hold that upon the record the facts had not been sufficiently found to render a just judgment. Therefore the court's refusal to remand the case did not constitute an abuse of its discretion.

There is no error.

In this opinion MALTBIE, C.J., and ELLS, J., concurred.

JENNINGS, J. (dissenting). The legislature has said that dependency is to be determined in accordance with the fact. The tribunal to decide this question is the trier of the fact, in this case the commissioner. I think there was evidence in the record to support his finding and that the case should have been remanded with direction to dismiss the appeal.

DICKENSON, J. (dissenting). I think the majority opinion too narrowly construes the provision in General Statutes, § 5223, that dependency is to be determined "at the time of the injury." Obviously, the purpose of the act is to provide for future support and this must be the main consideration of the commissioner in passing upon the claim. This is particularly true where the injury has resulted in death rather than temporary incapacity. The answer is not found alone in the family income at the immediate time of the death but in the likelihood of its continuance as well. It is true that the income of the plaintiffs from other sources was ample for their support at the time of the death, but it is a matter of common knowledge that business conditions are exceptionally favorable and are temporary. The death of the decedent on the other hand bars any hope of future support. Coming within Part A of the act, no common-law action lies for the death. *Hoard* v. *Sears Roebuck & Co., Inc.,* 122 Conn. 185, 188, 188 Atl. 269. The award granted by the commissioner was subject to modification whenever changed conditions warranted it. General Statutes, § 5240; *Gonirenki* v. *American Steel & Wire Co.,* 106

Conn. 1, 5, 137 Atl. 26. The majority opinion, support-ing the trial court's judgment in setting aside the award, bars any further action under it. The plaintiffs thus are left without remedy.

The commissioner found that the decedent had turned over to his mother his earnings before he en-tered the employ of the defendant and that she relied upon these. The question of dependency was one of fact, the Superior Court may not retry the facts and the finding was not so unreasonable as to "justify judi-cial interference." *Taylor* v. *M. A. Gammino Con-struction Co.*, 127 Conn. 528, 529, 18 Atl. (2d) 400.