[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The amended complaint alleges, in two counts, that the plaintiff purchased a business known as Lite Styles, Inc. (Lite Styles) from the defendant who made misrepresentations and violated the Connecticut Unfair Trade Practices Act (CUTPA) in selling the business.
The defendant was the sole stockholder of the corporation which engaged in the retail sales of lighting fixtures and other electrical devices. He also owned an electrical contracting business, Fortin Electrical Co., Inc. (Fortin Electric). The defendant moved for summary judgment directed to "the issue of business losses as set forth in Count One., Paragraph 11a and b, as well as Count One, Paragraph 12d, and on the CUTPA claim as set forth in Count Two in its entirety." In support of the motion, he filed a release by Fortin Electric (which he owns) and a personal release. Neither document was certified by a notary CT Page 11566 public in the space allocated for such certification on each document. "Uncertified or unauthenticated evidence does not constitute proof or documentary evidence upon which summary judgment may be based." Gordon v. Villegars, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 27 08 39 (March 10, 1994, Freedman, J.).
Section 384 of the Practice Book states that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corporation,229 Conn. 99, 105, (1994). The movant "has the burden of showing the absence or any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id.
"The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. the court "must view the evidence in the light most favorable to the nonmoving party." Id.; Lees v.Middlesex Insurance Co., 229 Conn. 842, 849-50 (1994).
A motion for summary judgment must show that "no issue of fact exists as to all the issues in a particular count." Gordonv. Villegas, supra; see, Telesco v. Telesco, supra, 187 Conn. 718-19. Summary judgment may not be granted only as to part of one count of a complaint. Greenwood v. Litton Mortgage ServiceCenter, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 30 51 26 (March 17, 1994, Fuller, J.);Schofield v. Bic Corporation, 3 Conn. L. Rptr. 229 ((January 31, 1991, Fuller, J.); see also Telesco v. Telesco, 187 Conn. 715,718-19 (1982).
"Connecticut does not have a procedure for rendering judgment for a defendant on part of a count of a complaint." Schofield v.Bic Corporation, supra, 230. "There is no rule which allows a defendant to obtain summary judgment as to one or more, but not all, of the claims. . .made in a single count." Tracy v. CharismaAviation, Ltd., 8 Conn. L. Rptr. 282, 283 (January 20, 1993, Hadden, J.). "The motion must be directed against an entire count or claim." Lukowsky v. Woodmere Health Care, Superior Court, Judicial District of Waterbury, Docket No. 09 11 41 (June 24, 1994, Sullivan, J.). While there are limited exceptions to this CT Page 11567 rule, none apply in the instant case. See, Niper v. Johnson,6 Conn. L. Rptr. 112, 113, (February 28, 1992, Lewis, J.); andCocca v. Pocesta, 2 Conn. L. Rptr. 69, 71 (July 13, 1990, Barnett, J.).
The original complaint included a CUTPA claim which was omitted "through error" when the complaint was first amended. However, the plaintiff corrected that inadvertent omission by filing a corrected amended complaint upon receipt of the defendant's motion for summary judgment. The original complaint of April 5, 1989 was first revised on May 23, 1991 and the corrected amended complaint was filed on December 22, 1994.
The motion for summary judgment as to count two asserted that the plaintiff failed to plead that the defendant was involved in the trade or commerce of selling or offering for sale corporate stock and, further, there was no allegation that the defendant engaged "in any business practice or committing these unfair practices." In thereby relying on the holding in Quimby v.Kimberly Clark Corporation, 28 Conn. App. 660, 669-70 (1992), the defendant argued that the complaint lacked the essential allegations for a CUTPA claim. However, while Quimby held that a party is required to specifically allege that "the CUTPA acts, [sic] complained of were performed in a `trade' or `business,'" the case was decided after the amended complaint was filed on May 23, 1991.
The corrected complaint, filed on December 22, 1994, contains allegations necessary to raise a claim of a CUTPA violation, postQuimby. Moreover, the plaintiff relies on the Connecticut Supreme Court's adoption of the "cigarette rule" in determining whether a particular practice violates CUTPA. The rule invokes a three-prong test: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessman]."Associated Investment Company Limited Partnership v. WilliamsAssociates IV, 230 Conn. 148, 155 (1994). Also, see Daddona v.Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254 (1988).
The corrected complaint alleges, in the second count, that CT Page 11568 the defendant violated CUTPA in that his actions and acts "constituted an unfair and/or deceptive trade act or practice which amounts to an offense against and/or violation of public policy as set forth in" CUTPA, because the defendant was in the "trade or commerce or the offering for sale or distribution of said stock"; because "said acts caused substantial monetary injury or ascertainable loss to the Plaintiff"; and because the defendant made enumerated misrepresentations about the business to the plaintiff. Those allegations constitute a claim within the governing provisions of §§ 42-110b and 42-110a(4) of the General Statutes.
While our trial courts are divided as to "whether a single act can constitute a CUTPA violation," Michael J. Stula Agency v.Wasniewski, 9 CSCR 159 (January 27, 1994, Austin J.) (holding that "[t]hose cases holding a single instance of alleged misconduct is sufficient to bring a claim under CUTPA are the better reasoned decision"), some decisions that hold a single act insufficient to constitute a violation appear to turn on whether there exists a specific allegation of sustaining an ascertainable loss (Donza v. Depamphilis, 9 CSCR 472, 473, April 7, 1994, Aurigemma, J.); but see Sudek v. Vitka, 2 CSCR 876, 877, July 28, 1987, Reynolds, J.) (holding that there is no need to allege specifically an ascertainable loss if there are allegations of not receiving the benefit of the bargain and of financial injury).
An examination of count two of the December 22, 1994 amended complaint reveals that the defendant is alleged to have been involved in the trade or commerce of selling the stock of Lite Styles. Moreover, the plaintiff, in responding to the motion for summary judgment, submitted the affidavit of Robert Bishop who stated that the defendant offered the business for sale to Bishop as well as "to another." And though there is no claim that these actions by the defendant were a general business practice, court two alleges facts sufficient to raise a genuine issue of fact whether the defendant is liable under CUTPA.
The motion for summary judgment is denied in its entirety.
BY THE COURT LEANDER C. GRAY, JUDGE CT Page 11569