[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Pursuant to Practice Book § 17-44 et seq., the defendant Smith has moved for summary judgment on the grounds that the action is barred by the principal employer defense, as set forth in General Statutes §31-291.
The plaintiff has filed a six count Amended Complaint dated February 2, 2000. This amended complaint sets forth a wrongful death action against the defendant Kenneth Smith d/b/a Kenneth Smith Construction Company (hereinafter "Smith") and AG Contracting. CT Page 6371
It is alleged that on or about February 2, 1998, Anthony Jimenez was working as an independent contractor at a residential construction site in Easton, Connecticut. It is further alleged that Jimenez was working on the third floor of the construction site when he fell through an open skylight, causing him to sustain a fatal injury. The defendant Smith was the general contractor. The subcontractor responsible for framing the new home was the defendant AG Contracting, Inc. The decedent Jimenez was hired by AG Contracting to perform carpentry work to the house being built.
The defendant Smith was the general contractor, but due to the decedent's failure to carry workers' compensation and the subcontractor AG Contracting's failure to carry workers' compensation insurance, Smith was deemed the principal employer of the decedent in the Workers' Compensation Commissioner's file for Anthony Jimenez. In a memorandum from a Special Investigator for the Second Injury Fund, dated February 5, 1999, the insured and principal employer is named as the Kenneth Smith Construction Company.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996). The issue of causation is a question of fact for the trier of fact,Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 307 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id.
The defendant Smith argues that having been determined to be the CT Page 6372 principal employer of the decedent Jimenez, he should be afforded the protection of General Statutes § 31-291, which provides:
 "When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor.
 The provisions of this section shall not extend immunity to any principal employer from a civil act ion brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his dependent for the injury or death which is the subject of the action."
"The principal employer defense to an independent civil action applies if three conditions are met: (1) the relation of the principal employer and subcontractor must exist in work done wholly or impart for the principal employer; (2) the work must be on the premises controlled must be on the premises controlled by the employer; and (3) the work must be part or process in the trade or business of the principal employer."Pacileo v. Morganti, 10 Conn. App. 261, 263 Ad (1987).
In the present case, the defendant Smith argues that the three conditions have been satisfied. Smith argues that he and the decedent Jimenez were in an employer and independent contractor relationship. "Where there is an original contractor and a consecutive chain of subcontractors down to a workman receiving a compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman." Palumbo v. Fuller Co., 99 Conn. 353
(1923). As to the second condition, Smith states that the conditions have been satisfied because the premises at the construction site was controlled by Smith as the general contractor. Smith also contends the third element is satisfied because the general contractor's business was to oversee the entire construction of the new home. The carpentry work the decedent was performing was a necessary and expected part of the CT Page 6373 project.
In addition to the three elements to the principal employer defense, General Statutes § 31-291 states that immunity is only extended if a "principal employer has paid compensation benefits under this chapter to such employee . . . for the injury or death which is the subject of the action." The defendant Smith claims he has paid all of the workers' compensation claims for Jimenez. Smith has submitted a copy of an insurance check in the amount of $4000 for burial expenses payable to the "Estate of Anthony Jimenez, Michael Jimenez, Executor." to buttress his claim.
The plaintiff administrator, in opposing summary judgment, argues that the defendant Smith has paid no workers compensation dependent death benefits to the decedent's estate. At the time of his death Anthony Jimenez had a son from an earlier marriage named Daniel, who was twelve years old at the time of his father's death in 1998. The plaintiff contends that the minor son has a potential claim for dependent death benefits under Connecticut's workers' compensation statutes, General Statutes § 31-275 and § 31-306. The minor son is entitled to dependent death benefits if he is, in fact, a dependent of the decedent. In a workers' compensation claim, the dependency of the claimant on the deceased employee is to be determined in accordance with the facts as they existed at the time of the injury. Tsoukalas v. Bolton Mfg. Co.,130 Conn. 658, 37 A.2d 357 (1944). The defendant Smith has filed his intention to contest this claim. The issue, therefore, of whether Daniel Jimenez is legally a dependent of the decedent Anthony Jimenez and entitled to dependent death benefits is a question of fact. Thus, whether defendant Smith has paid all of the workers' compensation benefits to which the decedent's Estate and dependents are entitled, is also an issue of fact.
The court finds that there are genuine issues of material fact regarding whether the minor Daniel Jimenez is qualified to receive dependent benefits through workers' compensation. Therefore, there exists a genuine issue of material fact as to whether or not the defendant Smith has paid workers' compensation benefits to the injured employee's dependent pursuant to General Statutes § 31-291. The immunity of principal employer from a civil action is conditioned on the principal employer fulfilling this statutory obligation. Until these issues are determined in the workers' compensation forum, summary judgment based on immunity pursuant to General Statutes § 31-291 cannot be granted in the defendant Smith's behalf.
The court has not decided the issue raised by the parties, as to whether the work being performed by the decedent was part or process of CT Page 6374 the business of trade of the defendant Smith, as the issue decided above is dispositive of the defendant's motion for summary judgment.
Accordingly, for the reasons set forth herein, the defendant's motion for summary judgment pursuant to the principal employer immunity set forth in General Statutes § 31-291 is hereby denied.
The court,
 By: ___________________ Arnold, J