## ACHILLE LONGOBARDI *vs.* SARGENT AND COMPANY.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

The plaintiff claimed compensation for an alleged injury to his heart, but the Commissioner found that he had not proven that any work performed by him had at any time in fact affected the condition of his heart or had impaired his capacity to work. *Held* that this finding, which was confirmed by the Superior Court upon appeal, was fully supported by the evidence certified, and was sufficient in itself to sustain the Commissioner and the Superior Court in dismissing the claim,—a conclusion which was also fortified by other findings.

It is not illegal or improper for a Compensation Commissioner to make his memorandum of decision a part of the finding.

It was further found, both by the Commissioner and the Superior Court, that if the work of the plaintiff incident to his employment had any effect upon his condition, it could only have been gradual and imperceptible at any particular time, and could not be located in point of time and place. *Held* that there was no occasion to pass upon the effect of Chapter 306, §1, of the Public Acts of 1921, providing that it should not be a bar to a claim for compensation that an injury "cannot be traced to a definite occurrence which can be located in point of time and place,"—inasmuch as the finding already referred to, that none of the work performed by the plaintiff had in fact affected the condition of his heart or his capacity to work, was decisive of the case whatever view might be taken of the statute; and that the vice or fallacy of the plaintiff's position and argument all through the case was that because he had heart disease and had worked there was necessarily a causal connection between the two which entitled him to compensation.

While a Compensation Commissioner may discourage an extended examination into what seems to him to be unnecessary medical detail, he should be careful in so doing not to invade the rights of counsel in cross-examination and in the production of further testimony, nor to seriously interfere with the usual and orderly method of conducting such hearings.

Argued January 17th—decided March 1st, 1924.

APPEAL by the plaintiff from the dismissal of his claim for compensation by the Compensation Commis-

sioner for the third district, taken to and tried by the Superior Court in New Haven County, *Brown, J.,* which sustained and confirmed the action taken by the Commissioner, and from this judgment the plaintiff appealed. *No error.*

The claimant, plaintiff, on January 15th, 1923, was in the employ of the respondent, defendant, and had been for a long time prior thereto. Both of the parties were subject to the provisions of the Compensation Act. The plaintiff had been employed by defendant for about twelve years before the date last mentioned, continuously, except for an absence of five months in Italy in 1921 or 1922, and one or two months in 1918 or 1919, when he worked in a shop in New Haven, engaged in the manufacture of knives. In March, 1917, plaintiff had trouble with his heart with broken compensation. He presented a physician's certificate to the defendant, and was given by it light work at sweeping. Before this change of work plaintiff was engaged in blacksmithing work carried on in a hot place, which was not heavy work for that sort of labor. While doing this work, the trouble with the heart apparently started. The hammer used by the plaintiff in the work weighed only about one half to three quarters of a pound, and many of the operations were performed by machinery. The iron was, however, heated to about five hundred or six hundred degrees Fahrenheit.

After the change of work in March, 1917, the plaintiff continued for some months the operations incident to sweeping, and working for a while assembling parts, work which was not heavy. The work of sweeping as conducted by the plaintiff was not heavy work, but was not adapted to one with heart trouble. About March, 1919, the plaintiff on account of the condition of his heart, was transferred from the work of sweeping

to work upon a drilling machine. He ceased work on the 15th of January, 1923, and has since then done no work. At that time he was working upon a drilling machine, which work necessitated only very moderate muscular action but called for walking from one drill to another.

At that time the plaintiff was suffering with heart disease, as follows: to wit, an aortic regurgitation, and broken compensation, with double mitral lesion, and aneurism of the organ, which was caused by syphilis. He has been at all times since January 15th, 1923, incapacitated from all labor and is in fact suffering from a serious heart trouble, and the length of his future incapacity cannot now be determined. At no time was there any injury in the sense of a definite occurrence which can be located in point of time and place.

Had the operations incident to the work of the plaintiff had any effect upon his condition, it could only have been a gradual effect, imperceptible at any particular time, and it was not shown that any work performed by the plaintiff after the last day of June, 1919, had in point of fact any appreciable effect upon the course of the disease. It was not established that any of the work done by the plaintiff at any time in fact affected the condition of the heart or the subsequent capacity of the plaintiff to work. The progress of the heart disease since 1917 has been more gradual than the average case, and the evidence did not establish that the plaintiff has been since January 15th, 1923, or is now, in any worse condition than if he had done no work.

The plaintiff claimed before the Commissioner: *First,* that the work before March, 1917, under conditions involving a high degree of heat, caused the subsequent incapacity. This claim was overruled. *Second,*

that the gradual effects of such work performed before March, 1917, would be compensable even in the absence of an occurrence attributable to a definite time and place. This claim was overruled. *Third,* that the work of sweeping was a cause of incapacity. This claim was overruled. *Fourth,* that the work in connection with the drilling machine was a cause of incapacity. This claim was overruled.

After the finding and filing of the award of the Commissioner, the plaintiff made a motion to correct numerous paragraphs therein, which was denied. The Commissioner's memorandum of decision is made part of his finding.

In the Superior Court plaintiff assigned error on the part of the Commissioner in two reasons of appeal: (1) that the conclusions in the finding were legally inconsistent with the subordinate facts found; (2) that in refusing to correct the finding the court erred.

The Superior Court sustained the action of the Commissioner and dismissed the appeal. Further facts appear in the opinion.

*Joseph V. Esposito,* with whom, on the brief, was *William J. McKenna,* for the appellant (plaintiff).

*J. Dwight Dana,* for the appellee (defendant).

KEELER, J. In the appeal to this court the reasons of appeal are stated in two groups: the first reason brings together nine requests to correct the finding of the Commissioner; the second reason expands the reason of appeal first above quoted in the statement of facts, and as urged before the Superior Court, into eleven reasons, most of them in no way suggested by the original and comprehensive reason of appeal.

The corrections of the finding requested in some

cases would merely go to amplify and color the findings actually made by the Commissioner, and others in effect ask for a complete reversal of the facts found. The request to find that the plaintiff was suffering from an aneurism of the "aorta" instead of the "organ" as stated, should have been granted. The insistence of the Commissioner in standing by the original notes simply perpetuated what was undoubtedly a stenographer's error, but the change, if made, could not affect the conclusion of the Commissioner nor of the Superior Court in reviewing it. The requested corrections all go upon the insistence of the plaintiff upon two conclusions which he claims should be drawn from the evidence: one that the work of blacksmithing caused the lesion of plaintiff's heart when it was first received, and second, that there was such an aggravation of an existing constitutional trouble caused by the different sorts of work in which the plaintiff was afterward engaged, that is, sweeping and drilling, as to entitle plaintiff to compensation. The Commissioner, and the Superior Court in sustaining him, found that upon the evidence the disability which first manifested itself while the plaintiff was engaged in blacksmithing, contributed in no way to change the natural course of the malady, and that so far as the very high degree of temperature surrounding the work was concerned or any of the peculiarities in the work subsequently performed, that "it was not established that any of the work done by the claimant at any time in fact affected the condition of the heart or the subsequent capacity of the claimant to work." This is the eighteenth paragraph of the Commissioner's finding, and is not challenged in the reasons of appeal based on the refusal of the Commissioner and of the trial court to correct the same. This finding is fully sustained by the evidence, and is conclusive of itself to sustain the award of the Commissioner, which

also is fortified by his other findings. There was very little contradiction in the medical testimony adduced by either of the parties. It was agreed that the cardiac trouble had run a much slower course than usually obtains in a typical case of broken compensation of the heart arising as a sequel to syphilis; that ordinarily the period during which one could work after the onset of such pathological disorders as were manifested was two or three years, which in many cases would be the limit of life, while the plaintiff had worked for five or six years, and one medical witness called by plaintiff said that he was doing much better than he had a right to expect and was "throwing science down hard," and that after all he could not say that his work had done him much harm. Both Dr. Spier called by the plaintiff and Dr. Blumer called by the defendant, testified that at the time plaintiff was examined, and apparently near the date of the hearing, there was no serious decompensation of the heart.

As above stated, plaintiff in his reasons of appeal from the award of the Commissioner filed in the Superior Court in addition to that relating to the correction of the finding, assigned but one error, that is, that the conclusions of the Commissioner are legally inconsistent with the subordinate facts found. In assigning error on the part of the Superior Court, he sets up twelve assignments of error, only one of which is that just mentioned as having been made in the Superior Court on appeal from the Commissioner. The Superior Court made no finding by means of which such errors as might properly be claimed could be brought before this court, and in considering these latter we are thrown back upon the findings of the Commissioner, which, since he was sustained in every way by the court, we may assume were adopted by the latter. Passing for the moment the primary assignment just referred to at

length, we find error assigned in that the Commissioner made his memorandum part of the finding, which the record showed to be the fact. Such a course was in no way illegal or improper, and a very sufficient reason is given therefor by the Commissioner in his reference to it.

Two other errors were assigned as follows: (c) ". . . in sustaining the Commissioner in shortening the proceedings of the trial, in order to discourage and prevent a reasonable and necessary investigation into the medical details of the claimant's claim, which were relevant and material. (d). . . in sustaining the Commissioner in dismissing the case without giving the claimant an opportunity to complete the cross-examination of the respondent's medical expert, Dr. Blumer, which cross-examination was very material and necessary testimony." For the facts on which these assignments are based, our only recourse is the memorandum of the Commissioner annexed to the finding. A careful reading of this memorandum, interpreted and illustrated by the evidence printed, reveals the fact that in the interest, as the Commissioner says, of expedition, the examination of witnesses was considerably abbreviated, they were taken largely out of the hands of plaintiff's counsel and examined by the Commissioner, and in some instances the cross-examination of a witness postponed after he had given direct testimony, and another witness called only to have his testimony cut in two in like manner. The progress of the inquiry was such as to annoy an experienced examiner, and would be likely to be absolutely disconcerting to a less experienced practioner. While the treatment accorded to the plaintiff's counsel and the method of conducting the hearing by the Commissioner is not to be commended, nevertheless the latter was told that his rights of cross-examination and of producing additional testimony were still open to

him, and it does not appear that any attempts in this regard were frustrated by the Commissioner. We cannot say, upon what appears of record, that any of the acts of the Commissioner were so far arbitrary or abusive of discretion as to constitute reversible error.

The remaining seven assignments of error grouped under the second reason of appeal are concerned with matters of fact only, that is, that wrong factual inferences were drawn from other existing facts.

Returning now to the first and principal assignment of error appearing in the second reason of appeal and marked (a), we find error claimed in that the court erroneously sustained conclusions of the Commissioner as being consistent with subordinate facts found. A reading of the Commissioner's finding reveals the fact that there are few if any conclusions of fact derived from other facts stated, and that most of the facts found, as defendant's counsel observes in his brief, are primary, and not related except as they concur in leading to the Commissioner's conclusion of law, sustained by the Superior Court. When, however, we come to examine the claims of plaintiff as the same are developed in his brief, it is plain that his counsel in assigning error in the way they did, meant to say that the legal conclusions arrived at by the consideration of the facts found, were not supported by these facts nor legally and properly derived therefrom, and we will treat this irregular and inartificial assignment of error as properly raising the questions discussed in plaintiff's brief.

The Commissioner ruled from the authority of *Miller v. American Steel & Wire Co.,* 90 Conn. 349, 97 Atl. 345, that even had the rigor of his work at blacksmithing in 1917 and years previous, been the proximate cause of plaintiff's incapacity, recovery could not in any case have been had therefor until the amendment of 1919 relating to occupational diseases, since the Commis-

Longobardi *v.* Sargent & Co.

sioner found, as well as the court, that had the operations incident to the work of the plaintiff had any effect upon his condition, it could only have been gradual and imperceptible at any particular time, and could not be located in time and place. As invalidating this ruling as a matter of law, counsel cite *Esposito* v. *Marlin-Rockwell Corporation*, 96 Conn. 414, 114 Atl. 92, from the headnote, that the "date of the injury . . . referred not to the date of the accident or occurrence which injured the employee, but to the date when the injury became compensable," and from the opinion, at p. 417, that "the date of a compensable injury, therefore, is when the accident or occurrence and its results incapacitate the employee for a period of more than seven days from earning full wages at his customary employment." Coupling these citations with the fact found, that plaintiff ceased to work January 15th, 1923, and then invoking the Public Acts of 1921, Chapter 306, § 1, providing that "if an injury arises out of and in the course of the employment it shall be no bar to a claim for compensation that it cannot be traced to a definite occurrence which can be located in point of time and place," plaintiff presses the conclusion that the period when the compensable injury took place is to be held to be on January 22d, 1923, and subject to the law then existing, that is, the law of 1919 then in force, and thus allow an award for an injury aggravating a previous ailment.

This question is not before us upon the findings in the instant case, which are to the effect that none of the work done "at any time in fact affected the condition of the heart or the subsequent capacity of the claimant to work." The point involved should be passed on only in a case where the facts properly call for its decision, and not where, as in the present case, the record discloses a state of facts decisive of the merits of the

case, whichever way the claim of law raised by the plaintiff might be decided.

The plaintiff, however, goes one step further and claims that the injuries received by him when engaged in the successive occupation of blacksmithing, sweeping and operating a drilling machine, arose out of and in the scope of his employment, citing the headnote in *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320, to the effect that "an injury 'arises out of' an employment when it occurs in the course of the employment and as a proximate cause [effect] of it, that is, when the injury is a natural and necessary incident or consequence of the employment, though not foreseen or expected"; also citing *Hartz* v. *Hartford Faience Co.*, 90 Conn. 539, 97 Atl. 1020, which holds that "the acceleration or aggravation of a pre-existing ailment may be a personal injury within our Act," and further citing *Bongialatte* v. *Lines Co.*, 97 Conn. 548, 117 Atl. 696, as sustaining and enforcing the same view.

The law as laid down in these cases is, of course, not subject to question, but is inapplicable to the instant case, in that the Commissioner and the trial court have found, as appears in the statement of facts, that "it was not established that any of the work done by the claimant at any time in fact affected the condition of the heart or the subsequent capacity of the claimant to work," and also that "the evidence did not establish that the claimant has been since January 15th, 1923, or is now, in any worse condition than if he had done no work."

The vice of plaintiff's argument is that he ignores these findings of fact, and emphasizes the other facts found that he suffered from progressive heart disease, and also that during the same period he was at work, as equivalent to establishing a causal relation between the work and the disease, that is, speaking generally,

because these facts were concomitant they were necessarily correlative, an ever recurring fallacy which lies at the foundation of much erroneous reasoning. As we have just seen, the finding in the case is that there was no causal relation between his malady and his work.

There is no error.

In this opinion the other judges concurred.