MARINO DINCK *v.* GELLATLY CONSTRUCTION
COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 8, 1945—decided January 3, 1946.

*Joseph J. Rinaldi,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellees (defendants).

ELLS, J.  The commissioner found that the plaintiff suffered an accidental injury arising out of and during his employment, and awarded compensation. The defendant appealed to the Superior Court and thereafter filed a motion to have the finding corrected as to certain subordinate facts and a contrary conclusion

reached. In support thereof it submitted excerpts from the transcript of the testimony produced before the commissioner, who had died prior to the filing of the motion. The parties stipulated that the entire record should be used by the successor commissioner. He denied the motion and certified the excerpts of testimony to the Superior Court. The defendant assigned as its reason of appeal the refusal of the commissioner to correct the finding and award. The Superior Court corrected the finding and found that the plaintiff did not suffer an accidental injury arising out of his employment.

Paragraph four of the commissioner's finding states that the plaintiff, "while moving a gas tank along with three others . . . stumbled or slipped, his right leg gave away with a sharp pain and he fell to the ground." The defendant's motion was to strike out all of this paragraph and substitute the following: ". . . while walking alongside of a certain 'buggy' so-called and while holding his hand on the 'buggy' while a fellow employee was pulling the 'buggy' over the ground, the right knee of the claimant went out from under him without the claimant having slipped or stumbled in any manner whatsoever." The plaintiff's testimony, contained in the excerpts before the court which the plaintiff concedes represents all the evidence which the commissioner had before him upon which he found the facts set forth in paragraph four of his finding, directly supported the requested correction, but the court adopted only a portion of it and substituted the following paragraph: ". . . while he was moving a gas tank with the help of three others, the claimant's right knee gave way painfully and he fell to the ground." It then found that, as so much of the paragraph as stated that the plaintiff stumbled or slipped had been eliminated, there was insufficient sup-

port for a conclusion that the plaintiff suffered an accidental injury arising out of his employment.

Upon the record as it remained after the elimination and substitution, the plaintiff was not entitled to compensation, for there was left only the fact that his knee gave way without any apparent causal connection with his employment. *Longobardi* v. *Sargent & Co.*, 100 Conn. 383, 387, 124 Atl. 13; *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 713, 134 Atl. 259. The plaintiff makes the further claim, however, that the case should have been remanded to the compensation commissioner rather than dismissed.

It is probable that the commissioner, having found that the plaintiff stumbled or slipped, felt that no further finding as to the surrounding circumstances was necessary. With the elimination of this finding, further facts which he could reasonably have found from the evidence become important. They relate principally to the plaintiff's activities just prior to his injury. The excerpts from the transcript contain this testimony: ". . . the tanks were in between a pile of stuff, I have to get that out of there. The other helper was on the buggy, we put the tank on it. That fellow that worked with me grabbed the buggy and started to pull it along, I had my hand on the buggy to help him. I went 15 or 20 feet I collapsed, I went down, my knee was bothering me then." The plaintiff was asked, "Do you recall whether you slipped?" and replied: "There was ice and cinders around the place; I could not tell you I found myself on the ground." Additional factors are the unchallenged finding that prior to the alleged accident he had no pain or other trouble with his knee and the ambiguous statement in the finding of the testimony of a doctor that a bony nodule in the knee had been dislodged "by the alleged injury," causing the knee joint to lock. This locking

may have caused the fall. It may well be that upon a rehearing further evidence would develop more fully' the circumstances of the work upon which the plaintiff had been engaged before and at the time of the fall and of the relationship, if any, between that work and the dislodgment of the nodule and between that dislodgment and the collapse of his knee. This would not necessarily involve any inconsistency with the previous testimony of the plaintiff.

"Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding." *Cormican* v. *McMahon,* 102 Conn. 234, 238, 128 Atl. 709; see also *Howe* v. *Watkins Bros.,* 107 Conn. 640, 647, 142 Atl. 69; *France* v. *Munson,* 123 Conn. 102, 106, 192 Atl. 706.

We conclude that justice will best be served if the case is remanded to the commissioner for further hearing. If additional evidence is developed as to all the circumstances surrounding the injury and a further finding made, the commissioner may, or may not, conclude that the dislodgment was caused by the work in which the plaintiff was engaged, arising, as it did, during performance of the work. In *Garofola* v. *Yale & Towne Mfg. Co.,* 131 Conn. 572, 575, 41 Atl. (2d) 451, we stated that an injury that is sudden, unusual and unexpected is none the less accidental because it is incurred in the course of the employee's ordinary work.

There is error, the judgment is set aside and the case

is remanded with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.