ANN STEEDLEY *v.* THE GENERAL ELECTRIC COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 5, 1951—decided January 22, 1952

*Milton Turkel,* for the appellant (plaintiff).

*Norman K. Parsells,* for the appellee (defendant).

BALDWIN, J.  This is an appeal from the judgment of the Superior Court sustaining a finding and award of the workmen's compensation commissioner in favor of the defendant.  The decisive issue is whether the finding affords a sufficient basis for a review of the conclusion of the commissioner that the plaintiff did not sustain an injury to her elbow which arose out of her employment.

These facts are not disputed: The plaintiff entered the employ of the defendant in 1943 and worked upon various jobs.  On August 21, 1944, she was assigned to work which involved the removal of steel plates from curved pieces of brass tubing about twenty in-

ches in length and three-fourths of an inch in diameter and weighing about eight pounds. These steel plates were placed on the tubing in the process of brazing outlets over the openings therein. The brazing process heated the tubes so that it was necessary to cool them before they could be handled by the plaintiff. For this purpose the tubes were submerged in a small tank of cold running water, where they rested upon two rubber-coated bars about five inches below the surface. In performing her task the plaintiff was required to remove the tubes from the water. She did this with her left hand, which was protected by a wrist-length rubber glove. On January 2, 1945, she went to the defendant's dispensary, complaining of soreness of the muscles and a swelling of the left forearm. She was given several treatments and advised to consult her own physician. She continued on the same job until March 12, 1945, handling about 300 pieces daily. On November 1, 1946, she went to the dispensary again, complaining that she was unable to work because of the pain in her left arm. She said that she had been treated for arthritis by her private physician about a year before. He had seen her, however, for this condition on September 3, 1946, for the first time. He found that she had only a 50 per cent extension in her left elbow. She continued to work for the defendant without losing time until she was laid off owing to lack of work in April, 1949. The plaintiff has an ankylosis resulting in a 60 per cent loss of use of her left elbow.

The commissioner originally found that it was the plaintiff's contention "that the constant immersion of her left arm up to the elbow in the water in the tank" caused her injury. He found further that the water in the tank was always lukewarm because of the hot tubes and that the tank was substantially full of tubes

the greater part of the time, so that the plaintiff was not required to put her arm in the water above the elbow but only to use her hand, which was protected by the rubber glove. It was upon this latter finding that he based his decision that the plaintiff did not sustain any compensable injury. In response to the plaintiff's motion, however, the commissioner corrected his finding as to her contention concerning the cause of her injury by substituting for the words "the constant immersion of her left arm up to the elbow in the water in the tank" the words "in the course of repeatedly extracting tubes from the water in the tank her left elbow became wet and cold. . . ." This correction changed the vital issue as to the cause of the plaintiff's injury. It incorporated in the finding a specific claim by the plaintiff which, though potentially decisive of the case, the commissioner failed to pass upon. *Bratz* v. *Harry Maring, Jr., Inc.*, 116 Conn. 186, 192, 164 A. 388. The finding fails to disclose whether or not water from the tubes, either while the plaintiff was lifting them from the tank or while she was engaged in knocking the steel plates off them, drained down her arm and thus kept her elbow wet and cold by reason of the temperature of the water or the process of evaporation which naturally resulted. Until the facts are determined concerning this situation and its effect upon the plaintiff's elbow, it is impossible to dispose of the claim which, the commissioner concedes by his correction of the finding, was made by the plaintiff.

"Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a

just judgment." *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 A. 709; *Dinck* v. *Gellatly Construction Co.*, 132 Conn. 479, 482, 45 A. 2d 585.

There is error, the judgment is set aside and the case is remanded with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion BROWN, C. J., INGLIS and O'SULLIVAN, Js., concurred.

JENNINGS, J. (dissenting). It seems to me that the subordinate facts sustain the commissioner's conclusion. This would lead me to "no error."