WILLIAM E. GOLIAS *v.* GEORGE H. WILSON, JR., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 151765
AT BRIDGEPORT

Memorandum filed October 1, 1974

*Zeldes, Needle & Cooper,* of Bridgeport, and *Halloran, Sage, Phelon & Hagarty,* of Hartford, for the plaintiff.

*Thomas E. Minogue, Jr.,* of Bridgeport, for the named defendant and the defendant Peerless Aluminum Foundry Company.

*Smyth, Oburchay & Halloran,* of Stratford, for the named defendant.

MULVEY, J.  The complaint alleges that, at the time of the accident giving rise to this action, the defendant Wilson was acting as the agent of the defendant Peerless Aluminum Foundry Company. Wilson was a molding machine operator for Peerless.  On March 1, 1973, at about 10 a.m., he was injured on the job.  He was treated by Peerless' doctor on the premises and returned to work.  At the time Wilson was treated by the doctor, he was assured by the doctor that there was nothing wrong but that, if Wilson wanted, he could come, on his own, to the doctor's office for x-rays.  Wilson decided to do just that.  He worked a full day and punched out at 4 p.m.  He got into his own car, drove to a nearby station for gasoline and left for the doctor's office.   On leaving the gasoline station he was

involved in the accident referred to above. He continued on to the doctor's office. He had no appointment and paid for the x-rays out of his own pocket. The accident occurred at about 4:05 p.m.

Wilson was deposed by the plaintiff and the above recital is a summary of the deposition. On Peerless' motion for summary judgment, both Peerless and the plaintiff rely on a transcript of the deposition to support their respective positions. Peerless claims that there is no question of fact—that Wilson was not acting as its agent at the time of the accident. The plaintiff claims that the suggestion of the company doctor that Wilson visit the doctor's office for x-rays on his own, if he so desired, is sufficient to raise the question whether that suggestion was the equivalent of a direction from Peerless, in view of the obligations of both Peerless and Wilson under the workmen's compensation laws. The plaintiff claims that if the answer to that claimed factual question is yes, then Wilson was about a task incidental to his regular employment and for the mutual benefit of Peerless and Wilson. The plaintiff cites such cases as *Kuharski* v. *Bristol Brass Corporation,* 132 Conn. 563, 566, and *Dombach* v. *Olkon Corporation,* 163 Conn. 216, 222, both of which are workmen's compensation cases.

Whether a servant is on an errand of his own or is rendering services for the benefit of his master and therefore within the scope of his employment is ordinarily, except in cases which are clear either way, a question of fact rather than a question of law. *Rappaport* v. *Rosen Film Delivery System, Inc.,* 127 Conn. 524, 527; *Neville* v. *Adorno,* 123 Conn. 395, 399.

There is, in this jurisdiction, no case factually similar to the instant matter. The plaintiff has cited two cases from other jurisdictions which he claims

support his contention that the factual question as outlined above exists in the instant matter. Those cases are *Governair Corporation* v. *District Court,* 293 P.2d 918 (Okla.), and *John* v. *Fairmont Creamery Co.,* 268 App. Div. 840 (N.Y.). But those cases involve a claim for workmen's compensation for injuries suffered in automobile accidents while the claimant was on his way to the doctor's office for treatment for prior injuries received in his employment.

Workmen's compensation statutes have always been construed liberally as to the rights of employees. *Klapproth* v. *Turner,* 156 Conn. 276, 279. Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. *Steedley* v. *General Electric Co.,* 138 Conn. 482, 484. Such cases are of little assistance in the instant matter.

The thrust of the plaintiff's claim appears to be that he is some kind of a third party beneficiary of the workmen's compensation statutes, which establish mutual obligations between Peerless, the employer, and Wilson, the employee. But the ultimate test to be applied, in the determination whether a person has a right of action as a third party beneficiary, is whether the intent of the parties to the contract was that the employer (in this instance) should assume a direct obligation to the beneficiary (the plaintiff), and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. *Knapp* v. *New Haven Road Construction Co.,* 150 Conn. 321, 325 and cases cited. We find no such intent in the workmen's compensation laws of this state.

We are aware of the suggestion in *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194,

198, that summary judgment motions are not particularly appropriate in negligence actions. But in the instant matter there is no dispute as to what Wilson's testimony is or the factual situation. There is no question of fact. This court holds as a matter of law that on the facts presented and agreed to by the plaintiff, the defendant Peerless Aluminum Foundry Company is entitled to judgment.

The motion for summary judgment is granted.