■ PROCEDYNE CORP., Respondent, v MAINE RECYCLE EQUIPMENT CORP. et al., Defendants, and PEPSI COLA BOTTLING COMPANY, Appellant.—In an action, *inter alia,* to recover damages for breach of contract, Pepsi Cola Bottling Company appeals from an order of the Supreme Court, Queens County (Smith, J.), dated November 17, 1988, which denied its motion for summary judgment dismissing the complaint as asserted against it and for costs pursuant to CPLR 8303-a.

Ordered that the order is affirmed, with costs.

The plaintiff Procedyne Corp. (hereinafter Procedyne) is a firm engaged in the business of manufacturing and installing equipment and facilities for recycling polyethylene terephthalate (hereinafter PET) plastic beverage bottles through a proprietary process (hereinafter PET Process). On December 14, 1984, the defendant Pepsi Cola Bottling Company (hereinafter Pepsi) executed a guarantee instrument in which it guaranteed to the defendant Petro Recovery Systems, Inc. (hereinafter Petro) the lease and royalty payments owed to Petro by the defendant Nyconn Industries, Ltd. (hereinafter Nyconn) pursuant to the terms of a sublease and license agreement entered into between Petro and Nyconn on December 1, 1984, whereby Petro subleased the PET Process equipment to Nyconn, and granted it a license to the proprietary data. Procedyne's claim as a third-party beneficiary to the guarantee is premised on its consent having been a condition precedent to the sublease and license agreement taking effect, in consideration for which it was to receive 32% of the payments received, *inter alia,* by Petro from Nyconn pursuant to the sublease and license agreement. The parties stipulated by contract that the laws of the State of Connecticut would apply. Procedyne alleged in its complaint that from 1985 up to mid-1986, Nyconn made lease payments, but that on September 19, 1986, Nyconn ceased making these payments and royalty payments were never made. Procedyne alleged that on June 1, 1987, it made a demand on Petro and Maine Recycle Equipment Corp. for immediate payment of 32% of the lease and royalty payments with interest due from Nyconn and other charges pursuant to the agreement, and has not been paid to date. By letter dated July 8, 1987, Petro terminated and released Pepsi's obligations under the guarantee. Procedyne commenced this action by service of a summons dated December 24, 1987, alleging 16 causes of action against the defendants sounding in fraud and conspiracy. Procedyne has voluntarily dismissed the action against all the defendants except Pepsi. The sole cause pleaded against Pepsi is the fifth

cause of action, which sought recovery upon the guarantee by Pepsi of the obligations of Nyconn to Petro. Pepsi moved for summary judgment on the ground that the guarantee was not intended to benefit Procedyne and requested imposition of sanctions against Procedyne on the grounds that the action was frivolous. The court denied Pepsi's motion on the grounds that a triable issue of fact existed as to whether Procedyne was a third-party beneficiary of the guarantee, and whether the release of Pepsi from its obligations to Petro acted to release it from its obligations to Procedyne. We affirm.

Under Connecticut law, it is well established that the test to be applied in determining the enforceability of a contract by a third party is whether " 'the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and * * * that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties' " *(Knapp v New Haven Road Constr. Co.,* 150 Conn 321, 325, 189 A2d 386, 388, quoting from *Colonial Discount Co. v Avon Motors,* 137 Conn 196, 201, 75 A2d 507, 510; *see also, Andreo v Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,* 660 F Supp 1362, 1373 [D Conn]; *Rowe v Cormier,* 189 Conn 371, 372, 456 A2d 277, 278; *Stowe v Smith,* 184 Conn 194, 441 A2d 81, 82; *Golias v Wilson,* 31 Conn Supp 332, 330 A2d 96). Procurement of a guarantee by Nyconn of all of its obligations under the sublease and license agreement was a condition precedent of the agreement. The intent of the parties to the guarantee to confer a third-party benefit to Procedyne must therefore be determined by construing the agreements with reference to each other. By the express terms of the guarantee Pepsi guaranteed to Petro the payments of rent and license fees by Nyconn pursuant to the sublease and license agreements. Pursuant to the same agreement, Petro agreed to pay to Procedyne 32% of the lease and royalty payments paid by Nyconn to Petro in consideration for Procedyne's consent to the sublicensing of Nyconn. An issue of fact is created by the language of the instruments themselves, as to whether Pepsi's guarantee of Nyconn's obligations to Petro was not also intended to guarantee to Procedyne its share under the sublease and license agreement. Whether Procedyne materially changed position in justifiable reliance on the guarantee by granting its consent to the sublicensing of Nyconn is subject to the same considerations as those underlying its status as a third-party beneficiary under the guarantee. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.