[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On or about January 15, 1997, the plaintiff, Gilbert Heinen, was walking in the crosswalk of a road which connects the Millstone Power plant access road in Waterford, CT., and its north access point parking area.
At said time and place, the defendant, Keith A. Duprey, was operating his vehicle in the left hand travel lane of said road when his vehicle struck the plaintiff.
Heinen alleges that at the time of the accident, Duprey was in the employ of the defendant, Stone Webster Engineering Corp. (hereinafter "Stone Webster"), and was acting within the scope and course of his employment with Stone Webster at all relevant times.
Heinen filed a four count complaint against the defendants Keith A. Duprey, State Farm Insurance Company, Stone Webster Engineering Corp., and Connecticut Light and Power seeking damages for injuries sustained from said accident.
On December 17, 1998, Stone Webster moved for summary judgment as to the third count of the complaint. Count three seeks damages from Stone Webster based on a respondeat superior theory of liability. Stone Webster also filed a memorandum of law in support.
On February 4, 1999, Heinen filed a motion in opposition and a supporting memorandum of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment at a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452, CT Page 6716724 A.2d 481 (1999).
Under the doctrine of respondeat superior, an employer is liable for the intentional torts of his employee committed within the scope of the employee's employment and in furtherance of his employer's business. Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 500, 656 A.2d 1009 (1995). "But it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply. (Internal quotation marks omitted.) A-G Food, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 208, 579 A.2d 69 (1990).
Stone Webster argues that it is entitled to judgment as a matter of law because Duprey was not acting in the scope and course of his employment and in furtherance of Stone Webster's business at the time of the accident.
In opposition, Heinen argues that summary judgment cannot be entered in favor of Stone Webster because its motion for summary judgment is supported by deposition excerpts and an uncertified, unauthenticated document. Alternatively, Heinen argues that even if the court considers the aforementioned documents, there is a genuine issue of material fact as to whether Duprey was acting within the scope of his employment at the time of the accident.
"Reliance on deposition testimony on a motion for summary judgment is generally inappropriate." Funaro v. Mount MansfieldCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 318105 (July 15, 1994, Martin, J.). However, a party's deposition testimony may nevertheless be sufficient to support the entry of summary judgment "in the absence of contradictory competent affidavits that establish a genuine issue as to a material fact." Collum v. Chapin, 40 Conn. App. 449, 450 n. 2,671 A.2d 1329 (1996).
In the present case, Stone Webster relies on the deposition testimony of Duprey, wherein the following facts were revealed. Duprey's normal work schedule at Millstone is from 10:30 p. m. to 6:30 a.m., five nights per week. (Exhibit B: Deposition of Keith A. Duprey, p. 10). Millstone has a turnstile mechanism which provides employees with access to and from the plant and keeps track of their work time. (Exhibit B, p. 25). On the day of the accident, January 15, 1998, the turnstile recorded the time at which Duprey left his employment as 6:28 a.m. (Exhibit B, p. 58). CT Page 6717 Once Duprey keyed out of the turnstile at 6:28 a.m. on January 15, 1998, he had no further duties for Stone Webster and was on his way home. (Exhibit B, p. 80). The accident complained of occurred shortly thereafter.
Heinen has not produced any affidavits or other documentary evidence to refute the statements made by Duprey at his deposition. Therefore, for the purposes of this motion, the court may rely on the deposition transcript taken of Duprey.
It is clear from the deposition testimony that Duprey had completed his work for Stone Webster and was on his way home when the accident occurred.
The case of Golias v. Wilson, 31 Conn. Sup. 331, 330 A.2d 96
(1974), is highly instructive on the issue of whether an employer is liable for the conduct of an employee who, after completing his work for the day, becomes involved in a motor vehicle accident while travelling from work.
In Golias v. Wilson, the plaintiff, William E. Golias, and the defendant, George H. Wilson, Jr., were involved in an automobile accident after the defendant had finished his day's work as an employee of the defendant, Peerless Aluminum Foundry Co. (hereinafter "Peerless"). Golias v. Wilson, supra,31 Conn. Sup. 332. During the day, Wilson had been treated at work for an on-the-job injury by a physician who assured him that nothing was wrong but that, if he wished, he could come after work to the physicians off-site office for x-rays. Wilson was on his way to the physician's office when the accident occurred. Id., 332-333.
The plaintiff filed a negligence claim and cited Peerless as a party defendant. Peerless moved for summary judgment on the ground that Wilson was not acting as an agent for the company at the time of the accident. Id., 333.
The court held that there was no dispute as to the factual situation presented and that based on these facts, Peerless was entitled to summary judgment. Id., 335. By implication, the court determined that Wilson was acting outside the scope of his employment even though he was seeking treatment for a work related injury.
Based on Golias v. Wilson, it should follow that an employer would be even less likely to incur liability when one of its CT Page 6718 employees, after completing his work for the day, becomes involved in a motor vehicle accident while travelling to hishome.
Cases from other jurisdictions have similarly held that an employee travelling in his vehicle to and from work, is insufficient, absent special circumstances, to show that the act is within the employee's scope of employment. See Church v. Arko,75 Cal.App.3d 291, 142 Cal.Rptr. 92 (1977); Standley v.Johnson, 276 So.2d 77 (Fla.App. 1973); Greer v. Ferizz, 110 App.Div. 2
d 815, 488 N.Y.S.2d 234 (1985); Weiss v. Culpepper,281 So.2d 372 (Fla.App. 1973); Braddy v. Collins Pumbing Constr.,Inc., 204 Ga. App. 862, 420 S.E.2d 806 (1992).
Heinen argues, however, that although Duprey was employed by Stone Webster, he was assigned to work at the Millstone plant. Consequently, Heinen argues that issues of fact exist as to whether Duprey was acting at the behest of his employer in getting to and from the Millstone site.
As previously noted, absent special circumstances, the employee's act of travelling to and from his place of employment is not within the employee's scope of employment. This general rule has been held to apply even where the job site is the employee's secondary place of employment or where there is no fixed job site. See Freeman v. Manpower, Inc., 453 So.2d 208
(1984); Luther McGill, Inc. v. Cook, 306 So.2d 304 (1975); Clarkv. Hoff Bros. Refuse Corp. , 422 N.Y.S.2d 219 (1979).
Moreover, the length of Duprey's assignment at Millstone was of sufficient duration so as to be considered Duprey's principle place of employment during the time that he worked there. Duprey indicated at his deposition that he was employed for one full year as a"fire watch" at the Millstone plant from September of 1996 to September of 1997. (Exhibit B, p. 7). Duprey's normal work schedule at Millstone was from 10:30 p. m. to 6:30 a.m., five nights per week. (Exhibit B, p. 10).
Based on the foregoing, Duprey was acting outside the scope of his employment when travelling home from the Millstone site. Accordingly, the defendant's motion for summary judgment is hereby granted.
Martin, J. CT Page 6719